*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

*United States District Court - Northern District of California*
Case No. 3:23-cv-06487-RS

# COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is between Plaintiff Alyssa Ravenwood ("Plaintiff"), on the one hand, and the Board of Trustees of the California State University ("Defendant"), on the other hand. The foregoing named parties are referred to herein individually as a "Party" and collectively as the "Parties." This Agreement is made and entered into effective as of the date of Plaintiff's signature ("Effective Date").

A.   RECITALS

1.   Defendant Board of Trustees of the California State University is the Board that governs the operations of the California State University system, including California State Polytechnic University, Humboldt, located in Arcata, California.

2.   On December 15 2023, Plaintiff filed her initial Complaint against Defendant Board of Trustees of the California State University ("Defendant") and certain individual defendants ("Individual Defendants")[1] (collectively, "Defendants") in the case entitled *Alyssa Ravenwood v. Board of Trustees of the California State University,* United States District Court, Northern District of California, Case No. 1:23-cv-06487-RMI (subsequently changed to 3:23-cv-06487-RS), arising from Defendants' alleged violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 with regard to disability access issues at the California State Polytechnic University, Humboldt ("Cal Poly Humboldt"). Therein, Plaintiff seeks, among other things, injunctive relief, removal of architectural barriers and changes

---

[1] The "Individual Defendants" include: MILDRED GARCIA, Chancellor of California State University, in her official capacity, and TOM JACKSON, JR., President of California State Polytechnic University, Humbold, in his official capacity. Defendant and the Individual Defendants shall collectively be referred to as "Defendants."

Page 1 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

to policies, practices and procedures, general damages, statutory damages, treble damages, punitive damages, attorney's fees, and litigation costs ("Action"). Defendants deny the allegations set forth in the Action and specifically deny any violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and/or any other federal or state law concerning disability accessibility.

3. The Parties now desire to settle any and all claims or disputes that Plaintiff may have with Defendants and the Released Parties (as that term is defined below) relating to the Action, including any claims which could have been alleged in the Action, for valuable consideration.

4. Therefore, in consideration of the foregoing, and of the mutual covenants, commitments, and agreements contained here, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to resolve all of Plaintiff's claims and disputes against the Defendants and Released Parties relating to Cal Poly Humboldt and the Action, without admitting liability, pursuant to the following terms:

B. TERMS

   1. <u>Injunctive Terms</u>. Defendant agrees to complete and maintain the remedial work as identified and described as follows:

      a. <u>Cracked entry from accessible parking near Art A</u>: Fix the crack on the path of travel at the southwest corner of Art A, closest to the existing designated accessible parking stall in the parking lot immediately south of Art A. This standalone barrier removal project will not address the cross-slope on the west side of the building approaching the main entry doors and the elevator.

Page 2 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

b. <u>Jenkins Hall accessible parking</u>: Create a fully compliant, accessible parking stall in front of Science A with an accessible path of travel to new accessible entrance to Jenkins Hall.

c. <u>Library accessible parking</u>: Ensure the accessible parking is open to students and the public and not faculty/staff only.

d. <u>Campus Disability Resource Center ("CDRC") access</u>: Install directional signage to alert individuals who park in accessible parking stalls in the Library parking lot where the accessible path of travel is to the CDRC entry within the Library.

e. <u>Theater accessible entrance & Path of Travel ("POT")</u>: Install additional, clarifying directional signage at the top of the stairs immediately north of Laurel Drive and B Street (between the Theater & Art A) alerting pedestrians the accessible POT to the entrance to the Theater starts to the right of the existing international symbol of access ("ISA") sign.

f. <u>BSS/Native American Forum accessible parking</u>:

   i. Ensure the accessible parking closest to the Native American Forum is open to students and the public and not faculty/staff only.

   ii. Install directional signage at the BSS parking lot that alerts people accessible parking is located in the lot near the Native American Forum.

g. <u>Main Parking Lot adjacent to Visitors and Welcome Center</u>: Extend the ramp near the corner of LK Wood Blvd. & Harpst St. along the south border

Page 3 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

of the parking lot to where there is presently a cement island and some landscaping (*i.e.*, take out the four parallel parking stalls in between the current ramp end and the island/landscaping). Add the appropriate amount of accessible stalls in accordance with California Building Code section 11B in the remaining row of parking on the south border of the lot with a path of travel/access aisle marked in front of the stalls (*i.e.*, on the south side of the lot closest to Harpst St.) to ensure that no driver parking in an accessible stall is forced to travel behind a car other than their own. Install directional signage alerting people parking in these new accessible stalls that the accessible POT includes the ramp to exit the parking lot near LK Wood Blvd. & Harpst St. and then east on Harpst St. to access the Student Business Services building.

h. <u>Campus Accessibility Map</u>: Create a "Campus Accessibility Map" that identifies (a) building entrances/exits and (b) pedestrian paths of travel (connecting campus buildings and all areas of the campus) that are compliant with provisions of the ADA and California Building Code section 11B.

i. <u>Timing of Completion</u>:

   i. Defendant agrees to complete Items B.1.a, c, d, e, f, and h above within six (6) months of the Court's execution of the Agreement.

   ii. Defendant agrees to complete items B.1.b and g above within one year of the Court's execution of the Agreement.

Page 4 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06487-RS

2. <u>Settlement Payment</u>. Defendant agrees to pay Plaintiff the total sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00) ("Settlement Payment"), inclusive of attorneys' fees, litigation expenses, and costs. The Settlement Payment shall be made via wire transfer to the IOLTA account for "Peiffer Wolf Carr Kane Conway & Wise LLP," at Hancock Whitney Bank, 400 Labarre Road, Jefferson, Louisiana 70121, ABA: 065400153, Account No. 70530174. The payment will be reported on a Form 1099. Defendant agrees to initiate and complete the wire transfer within two weeks of Plaintiff's execution of the Agreement and Defendant's receipt of all necessary and enumerated forms from Plaintiff and Plaintiff's counsel to facilitate the payment.

The Settlement Payment shall fully and finally compensate Plaintiff for any and all alleged injuries, losses, liabilities, damages, costs and expenses (including attorneys' fees) suffered or incurred by Plaintiff with respect to the matters or circumstances detailed here or in any of the pleadings relating to the Action. Other than the Settlement Payment set forth above, the Plaintiff will have no right to any further remuneration, compensation or payment from any of the Released Persons or from any third party in connection with the matters set forth here or in the Action.

3. <u>Dismissal</u>. Within five (5) days of receipt of the Settlement Payment, Plaintiff's counsel shall file a stipulated dismissal of the Action as to all Defendants, with prejudice, in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which will include a request that the United States District Court, Northern District of California, retain jurisdiction to enforce the terms of this Agreement.

Page 5 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06487-RS

4. <u>Release by Plaintiff</u>.  Plaintiff understands and agrees that there is a risk and possibility that, after the execution of this Agreement, Plaintiff will incur, suffer, or experience some further loss or damage with respect to the Action that is unknown or unanticipated at the time this Agreement is signed. Excepting only the obligations created by this Agreement, Plaintiff, on behalf of Plaintiff and Plaintiff's past, present and future agents, representatives, administrators, attorneys, beneficiaries, partners, spouses, domestic partners, heirs, predecessors, successors, assigns, executors, insurers, employees, and anyone claiming by, through, or under any of them (collectively, "Releasing Parties"), irrevocably and unconditionally release, remise, acquit and forever discharge Defendants and each of their trustees, officers, employees, representatives, volunteers, agents, auxiliary organizations, successors and assigns, and anyone claiming by, through, or under any of them (collectively, "Released Parties"), from any and all claims, potential claims, demands, rights, debts, suits, dues, sums of money, accounts, bonds, agreements, promises, judgments, variances, losses, controversies, actions, causes of action, grievances, obligations, liabilities, liens, expenses, costs, attorneys' fees and damages of any nature whatsoever and character of any kind, at law or in equity, based in tort, contract or any other legal, equitable or injunctive theory, past, present or future, currently known or unknown, suspected or unsuspected, foreseeable or unforeseeable, now owned or hereafter acquired which arise out of or relate to Plaintiff's relationship to the Defendants, including Cal Poly Humboldt, and/or the Action (including but not limited to claims which could have been alleged in the Action) ("Released Matters").

Page 6 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

*United States District Court - Northern District of California*
Case No. 3:23-cv-06487-RS

As for the Released Matters, Plaintiff and Releasing Parties expressly intend to relinquish all claims, whether or not now known, and expressly waive any and all rights and benefits conferred on them by the provisions of Section 1542 of the California Civil Code, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiff understands and acknowledges the significance and consequences of such waiver of the provisions of Section 1542. Plaintiff acknowledges that the releases given here were bargained for and that there are no representations by, or conduct of, anyone being relied upon by them in entering into this Settlement or providing the releases here except as specifically provided herein.

5. <u>Full Release of Claims for Costs and Attorney's Fees</u>.  The Parties agree that the Settlement Payment resolves any and all claims for attorney's fees, costs, and expenses sought in the Action.

6. <u>Tax and Other Liability</u>: Plaintiff and Plaintiff's counsel acknowledge and agree that Defendant, and any of its agents, representatives or assigns, have not made any representations regarding the tax consequences of any amounts paid in accordance with this Agreement. Plaintiff and Plaintiff's counsel agree to pay, and to be solely responsible for, any and all state, local and federal taxes, which may be required by applicable law to be paid with respect to the Settlement Payment and/or this Agreement.  This Agreement is based upon a good faith determination of the Parties to resolve a dispute.  Plaintiff represents and warrants that all bills, costs, liens resulting from or arising out of Plaintiff's alleged claims are solely Plaintiff's responsibility.

Page 7 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06487-RS

7. <u>Indemnification</u>. Plaintiff shall bear Plaintiff's own medical expenses, loss of earnings, tax obligations, liens or lien expenses of any kind, including but not limited to, Medicaid/Medi-Cal or Medicare liens and all damages or losses of any type whatsoever, without limitation. Plaintiff warrants that any and all liens against, or tax obligations, arising from Plaintiff's recovery in this settlement will be satisfied by Plaintiff and, in the case of any Medicaid/Medi-Cal or Medicare lien, such lien payment shall be made by Plaintiff before any other disbursement of the settlement proceeds. Plaintiff further agrees that Plaintiff will defend, indemnify and save forever harmless Defendants from any claims, actions, causes of action, suits, debts, liens, demands and/or judgments made by any person, corporation, or entity including, but not limited to any insurer, governmental entity, and/or medical provider who have paid or may in the future pay benefits to Plaintiff on account of or related to, resulting from, or arising directly or indirectly, out of the Action and/or any losses of damages resulting therefrom.

8. <u>Notices</u>. Notices to Plaintiffs shall be made to their counsel via email to ccabalo@peifferwolf.com, kmehton@peifferwolf.com, aaron@cleftonlaw.com, irakli@allaccesslawgroup.com. Notices to Defendants shall be made to their counsel via email to alison.beanum@clydeco.us.

9. <u>Warranty of Capacity to Execute.</u> Each Party represents and warrants to each other Party that no other person or entity had, nor now has, any interest in any of the Released Matters released here by said Party and that said Party has not sold, assigned, transferred, conveyed, hypothecated or otherwise disposed of any of the Released Matters. Each person executing this Agreement represents and warrants that they have the right and authority to execute this Agreement and instruments of this nature on that Party's behalf, and to deliver and receive the settlement

Page 8 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

consideration specified here; and that execution, delivery and performance of this Agreement has been duly authorized by all necessary partnership, trust or corporate action. Plaintiff further represents and warrants that Plaintiff will not at any time in the future sell, assign, transfer, subrogate or otherwise dispose of any interest in the claims released here to any person or entity, other than Plaintiff's attorneys or estate. The Parties also declare that, before and as of the date of signing this Agreement, they had an opportunity to consult attorneys of their own choosing, and to apprise themselves of sufficient relevant information, both through attorneys or other sources of their own selection, in order that they might intelligently exercise their own judgment in deciding whether to execute, and in deciding on the contents of, a release, compromise and settlement of the released claims. The Parties further agree that they have discussed and reviewed each of the terms of this Agreement with their attorneys before signing it and that the terms of this Agreement were negotiated with the involvement of their attorneys. Accordingly, any rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not apply in any interpretation of this Agreement and all Parties shall be deemed equally responsible for drafting the Agreement. This Agreement and all of its terms shall be construed equally as to all Parties.

10. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between Plaintiff and Defendants as it relates to the Action and the Released Matters, and may not be amended, altered, modified, or otherwise changed except by a writing executed by all Parties which expressly states that it is an amendment to this Agreement. All prior oral or written agreements about the Action are expressly superseded and are of no further force or effect.

11. <u>Representation of Comprehension of Settlement Agreement</u>. In entering into this

Page 9 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

Agreement, the Parties represent that they have relied on the legal advice of their attorneys, who are attorneys of their own choice, and that the terms of this Agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by each of the Parties.

12. <u>No Admission of Liability</u>. The Parties understand and acknowledge that this Agreement constitutes a settlement of disputed claims and is not an admission of liability by any of the Parties. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendants or Released Parties. This Agreement may be introduced, however, in any proceeding to enforce this Agreement.

13. <u>Binding Effect</u>. This Agreement shall be binding on, and shall inure to the benefit of, the Parties and their administrators, agents, representatives, predecessors, successors, successors-in-interest and assigns.

14. <u>Applicable Law/Enforcement of Agreement</u>. This Agreement shall be construed and interpreted in accordance with the laws of the State of California.

15. <u>Continuing Jurisdiction</u>. This Agreement shall be in full force and effect—and the Court shall retain jurisdiction to enforce the injunctive terms set forth in paragraph B.1. hereto and to address any other matters arising out of this Agreement—for a period of eighteen (18) months after the date of entry of this Agreement by the Court or until construction has been substantially completed (as to Items B.1.a-f and B.1.h) and compliance achieved (as to Item B.1.g), whichever occurs later.

Page 10 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06487-RS

16. <u>Execution</u>.  This Agreement may be executed in counterparts and delivered by pdf or facsimile or digital signature, each of which shall be deemed an original and together shall constitute one agreement.

17. <u>Cooperation</u>.  The Parties to this Agreement will execute any and all documents and will cooperate in all manners necessary to effectuate the terms of this Agreement.

18. <u>Interpretation</u>.  No provision of this Agreement is to be interpreted for or against any Party because that Party, or that Party's representative, drafted such provision.

19. <u>Severability</u>. If any immaterial provision of this Agreement is held to be invalid, unenforceable or contrary to any public policy, law, statute and/or ordinance, the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

20. <u>Captions</u>.  The section and subsection captions contained here are for reference purposes only and are not a part of this Agreement.

[Signatures on following page]

Page 11 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

*United States District Court - Northern District of California*
Case No. 3:23-cv-06487-RS

Dated: 12/17/2024　　　　　　　PLAINTIFF ALYSSA RAVENWOOD

*[DocuSigned by: 720BA0004B6B400...]*

ALYSSA RAVENWOOD

Dated: _____　　　　　　　DEFENDANT BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

By: _____
Print name: Bethany L. Gilden
Title: Acting Chief of Staff, California State Polytechnic University, Humboldt

Approved as to form:

Dated: 12/16/2024　　　　　　　PEIFFER WOLF CARR KANE CONWAY & WISE LLP

*[DocuSigned by: Catherine Cabalo, 202723BBE40A43A...]*

By: CATHERINE CABALO, ESQ.
Attorneys for Plaintiff
ALYSSA RAVENWOOD

Dated: 12/16/2024　　　　　　　REIN & CLEFTON

*[Signed by: Aaron Clefton, 029AEBB23F5647F...]*

By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
ALYSSA RAVENWOOD

Dated: 12/16/2024　　　　　　　ALLACCESS LAW GROUP

*[DocuSigned by: Irakli Karbelashvili, 8D2215FE0606498...]*

By: IRAKLI KARBELASHVILI, ESQ.
Attorneys for Plaintiff
ALYSSA RAVENWOOD

Page 12 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

**United States District Court - Northern District of California**
Case No. 3:23-cv-06487-RS

| | |
|---|---|
| Dated: _____ | PLAINTIFF ALYSSA RAVENWOOD |
| | _____ |
| | ALYSSA RAVENWOOD |
| Dated: December 17, 2024 | DEFENDANT BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY |
| | By: *[signature: B Rizzardi]* |
| | Print name: Bethany L. ~~Gilden~~ Rizzardi |
| | Title: Acting Chief of Staff, California State Polytechnic University, Humboldt |

Approved as to form:

| | |
|---|---|
| Dated: _____ | PEIFFER WOLF CARR KANE CONWAY & WISE LLP |
| | _____ |
| | By: CATHERINE CABALO, ESQ. |
| | Attorneys for Plaintiff |
| | ALYSSA RAVENWOOD |
| Dated: _____ | REIN & CLEFTON |
| | _____ |
| | By: AARON M. CLEFTON, ESQ. |
| | Attorneys for Plaintiff |
| | ALYSSA RAVENWOOD |
| Dated: _____ | ALLACCESS LAW GROUP |
| | _____ |
| | By: IRAKLI KARBELASHVILI, ESQ. |
| | Attorneys for Plaintiff |
| | ALYSSA RAVENWOOD |

Page 12 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS

*Alyssa Ravenwood v. Board of Trustees of the California State University et al.*

*United States District Court - Northern District of California*
Case No. 3:23-cv-06487-RS

Dated: December 17, 2024

CLYDE & CO US LLP

*[signature: Alison Beanum]*

By ALISON BEANUM, Esq.
Attorney for Defendants
BOARD OF TRUSTEES FOR THE CALIFORNIA STATE UNIVERSITY and INDIVIDUAL DEFENDANTS

### FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that on December 17, 2024, I, Catherine Cabalo, attorney with Peiffer Wolf Carr Kane Conway & Wise, LLP, received the concurrence of Alison Beanum in the filing of this document.

*/s/ Catherine Cabalo*
CATHERINE CABALO

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: _____, 2024       _____

The Honorable Richard Seeborg
UNITED STATES CHIEF DISTRICT JUDGE

Page 13 of 13 Court-Enforceable Settlement Agreement and General Release
*Ravenwood v. Board of Trustees of CSU*
United States District Court, Northern District of California Case No. 3:23-cv-06487RS